UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ALFRED JOHN SUFKA,

Plaintiff,

v.

Doctor SHARON BARNEY, Nurse Practitioner JENIFFER SOUTHWICK, and MINNESOTA DEPARTMENT OF CORRECTIONS HEALTH SERVICES UNIT,

Defendants.

Civil File No. 08-1504 (MJD/SRN)

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Minnesota Correctional Facility at Rush City, Minnesota, ("MCF-RC"), commenced this action by filing a self-styled handwritten complaint. (Docket No. 1.) The case has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that this action should be summarily dismissed pursuant to § 1915A(b).

**I. BACKGROUND**

Plaintiff alleges that between May 16, 2008, and May 23, 2008, he made several visits to the health services department at MCF-RC. He apparently was seeking a "re-fill"

[1] Plaintiff did not tender the statutory filing fee of $350.00 with his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff's IFP application indicates that he might be unable to afford even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Based on the limited information in the IFP application, the Court finds, for present purposes only, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

of a medication identified as "Requip," to treat his "restless leg syndrome." On Plaintiff's first visit to the health services department, on May 16, 2008, he did not receive any Requip, because a doctor's prescription is required, and "no one wanted to get involved." Plaintiff was given "Tyenol" [sic] as "a substitute for Requip."

On May 19, 2008, Plaintiff returned to the health services department, where he again requested Requip and some unidentified "supplys" [sic]. A nurse named Linda allegedly told Plaintiff that Defendant Doctor Sharon Barney "was in," but did not want to see Plaintiff "on this issue." The nurse also allegedly told Plaintiff "that doctor Barney said this was psychiatric, that this was not medical."

On May 20, 2008, Plaintiff's "psych Doctor," Doctor Mandrake, allegedly told Plaintiff that "this was not a psych problem but a medical problem and they needed to treat this problem." The following day, Plaintiff allegedly visited the health services department again, and told an unidentified nurse what Doctor Mandrake had said. The nurse allegedly held up her hand, and said that Plaintiff "would not be seen." Plaintiff alleges that he "found out later that [Defendant] Jeniffer Southwick was in the back."

Based on these meager factual allegations, Plaintiff is now attempting to sue three Defendants – Doctor Barney, Jeniffer Southwick, and "Minnesota Department of Corrections Health Services Unit." Plaintiff apparently is attempting to sue Defendants under 42 U.S.C. § 1983. He claims that they violated his constitutional rights under the Eighth Amendment, because they (allegedly) did not respond properly and promptly to his requests for medical care. Although Plaintiff has not described any injuries caused by any of the Defendants, he is seeking a judgment against them in the amount of $10,000,000.00.

**II. DISCUSSION**

Because Plaintiff is a prisoner, (see 28 U.S.C. § 1915A(c)), who is attempting to sue various government actors, his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state an actionable claim, or attempts to state a claim against a party that is immune from being sued, it must be summarily dismissed. 28 U.S.C. § 1915A(b).

To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to a judgment against the defendant(s) under some cognizable legal theory. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state an actionable civil rights claim, as Plaintiff apparently is attempting to do here, a complaint must allege facts showing that each named defendant was personally

involved in some alleged violation of the claimant's federal constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). In other words, the complaint must describe what each individual defendant allegedly did, or failed to do, that purportedly violated the claimant's constitutional rights.

"'To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs.'" Hartsfield v. Colburn, 491 F.3d 394, 396-97 (8th Cir. 2007), cert. denied, 128 S.Ct. 1745 (2008), quoting Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir.1999). "[W]hen the inmate alleges that the delay in treatment is the constitutional deprivation, the objective seriousness of the deprivation should also be measured 'by reference to the effect of delay in treatment.'" Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997) (citations omitted).

Thus, in order for Plaintiff to state an actionable Eighth Amendment claim in this case, his complaint must allege facts showing that the individual named Defendants were aware of, and deliberately ignored, an objectively serious medical condition, which was worsened because of Defendants' inaction. The Court finds that Plaintiff's present complaint fails to state an actionable Eighth Amendment claim against any of the named Defendants, because it does not include any factual allegations showing that Defendants were deliberately indifferent to any serious medical need.

Plaintiff's attempt to sue Defendant Southwick is clearly unsustainable, because there are no allegations suggesting that she even knew Plaintiff was seeking medical care during the time frame described in the complaint. There certainly are no allegations showing that Defendant Southwick deliberately ignored a serious medical problem that was brought to her attention. The complaint says only that Southwick "was in the back" when Plaintiff allegedly went to "sick call" on May 21, 2008. (Complaint, p. 3, "Count three.") That allegation alone does not state an actionable Eighth Amendment claim against Defendant Southwick.

The complaint also fails to state an Eighth Amendment claim against Defendant Dr. Barney. Plaintiff alleges that a nurse told him that Dr. Barney did not want to see him when he appeared for "sick call" on May 19, 2008. However, there are no allegations showing that Dr. Barney was deliberately indifferent to Plaintiff's serious medical needs. The complaint does not allege any facts showing that Plaintiff was suffering from a serious medical condition when he allegedly appeared at "sick call,"[2] and even if Plaintiff actually was suffering from some serious medical condition, there are no allegations showing that Dr. Barney was actually aware of the seriousness of the matter. Furthermore, there are no allegations suggesting that Dr. Barney's alleged refusal to see Plaintiff caused any additional harm to him; i.e., there are no allegations showing that Dr. Barney's alleged inaction caused any worsening of Plaintiff's condition. See Moots v. Lombardi, 453 F.3d 1020, 1023 (8th Cir. 2006) (prisoner's Eighth Amendment claim failed because he did not

---

[2] Plaintiff does not allege, and the Court does not find it to be self-evident, that "restless leg syndrome" is a serious medical condition for Eighth Amendment purposes. See Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002) (prisoner "failed to state an Eighth Amendment claim, because 'sore feet' do not constitute a serious medical need").

allege that he suffered any harm as a result of an alleged delay in receiving medical care).

Finally, Plaintiff has failed to state an actionable claim against the Defendant identified as "Minnesota Department of Corrections Health Services Unit." The Court initially notes that this purported Defendant does not appear to be a cognizable legal entity that can be sued as such. In addition, there are no allegations showing that this purported Defendant itself, did anything, (or failed to do anything), that could cause it to be independently liable to Plaintiff. Instead, it appears that Plaintiff is attempting to sue this purported Defendant based solely on some alleged misconduct by its purported agents or employees. It is well-settled, however, that in a federal civil rights action, a governmental entity cannot be held vicariously liable for the wrongful acts or omissions of its agents or employees, because the doctrine of respondeat superior does not apply to such actions. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

Furthermore, even if "Minnesota Department of Corrections Health Services Unit" is a suable entity, (and if there were allegations showing that the entity itself – rather than its employees – somehow violated Plaintiff's constitutional rights), it undoubtedly is a state agency, which means that it cannot be sued in federal court. It is well settled that states and their agencies are immune from suit in federal court under the Eleventh Amendment, unless Congress has abrogated the state's immunity by some express statutory provision, or the state has consented to being sued. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hospital v.

Halderman, 465 U.S. 89, 100 (1984). This immunity applies "regardless of the nature of the relief sought." Id.

Congress did not lift the states' Eleventh Amendment immunity when it enacted § 1983, Will, 491 U.S. at 66-67, Quern v. Jordan, 440 U.S. 332, 341-45 (1979), and the named Defendant has not waived its immunity and consented to be sued in this case. Therefore, Plaintiff's § 1983 claims against Defendant "Minnesota Department of Corrections Health Services Unit" are barred by the State's Eleventh Amendment immunity.

**III. CONCLUSION**

For the reasons discussed above, the Court concludes that Plaintiff has failed to plead an actionable § 1983 claim against any of the named Defendants.[3] Therefore, this action must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b). It follows that Plaintiff's application for leave to proceed in forma pauperis, (see n. 1, supra), must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid

---

[3] The Court notes that Plaintiff's complaint was filed on June 3, 2008, which was just two weeks after the latest event described in the complaint. This shows (almost conclusively) that Plaintiff must not have fully exhausted all available administrative remedies provided by the Minnesota Department of Corrections. It is therefore highly likely that even if Plaintiff had pleaded some actionable claim, this action still would be summarily dismissed pursuant to 42 U.S.C. § 1997e(a), which requires prisoners to exhaust all prison grievance procedures before seeking relief in federal court. See Booth v. Churner, 532 U.S. 731, 741 (2001) ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures"); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) ("[i]f exhaustion was not completed at the time of filing, dismissal is mandatory") (emphasis added).

balance of the $350.00 filing fee.[4] He has not paid any part of the fee to date, so he still owes the full $350.00 at this time. State prison officials will have to deduct that amount from Plaintiff's trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Lastly, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds

---

[4] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee upon the filing of an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: June 13, 2008

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 30, 2008** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.